UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004–1(b)**

Order Filed on June 11, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

 JTRE 14 Vesey LLC

Case No.: _____24-12087_____

Chapter: _____11_____

Hearing Date: ___May 14, 2026___

Judge: ___Michael B. Kaplan___

## ORDER GRANTING MOTION TO DETERMINE THAT

## A TERM SHEET FAILURE HAS OCCURRED PURSUANT TO THE

## 9019 SETTLEMENT TERM SHEET

The relief set forth on the following page(s) is ORDERED.

**DATED: June 11, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Presently before this Court is a Motion for a Determination that a Term Sheet Failure Has Occurred pursuant to the Rule 9019 Settlement Term Sheet (the "Motion") filed on behalf of CPIF MRA, LLC (the "Movant" or "Lender") on April 14, 2026 [ECF No. 342].

On June 21, 2024, under the supervision of a court-appointed mediator, the Lender, along with 14 Vesey Partners (DEL) LLC ("Vesey Partners"), JTRE 14 Vesey LLC ("JTRE 14 Vesey") (and collectively with Vesey Partners, the "Vesey Debtors") and Jack Terzi ("Mr. Terzi") (collectively the "Parties") entered into a Settlement Term Sheet, which provided for a global settlement of various disputes between the Parties. On July 1, 2024, under FED. R. BANKR. P. 9019, the Court approved the Settlement Term Sheet [ECF No. 87][1].

As reflected in the Motion, the Movant asserts that the following Term Sheet Failures[2] occurred: (1) Mr. Terzi failed to uphold his obligations under the Settlement Term Sheet in order to cooperate with Lender in advancing the sale process and to refrain from interfering with same; (2) Mr. Terzi and/or the Vesey Debtors breached the Settlement Term Sheet by unilaterally cancelling insurance coverage on the Vesey Debtors' properties on or around July 3, 2024, resulting in the lapse of insurance coverage for the properties; (3) Mr. Terzi breached an express provision of the Settlement Term Sheet requiring him to escrow or cause to be escrowed sufficient available funds to pay real estate taxes due to the New York City Department of Finance by failing to escrow or cause such payment to be escrowed; and (4) the Vesey Debtors and Mr. Terzi failed to pay the Administrative Costs of the Vesey Debtors' Chapter 11 cases, including Mr. Terzi's share of the Mediation Charges. Movant asserts that these breaches support a determination by the Court that a Term Sheet Failure has occurred.

In further support, Movant also asserts that this Court already found cause to appoint a Chapter 11 Trustee based, in part, on the foregoing conduct, including the Vesey Debtors' and Mr. Terzi's failure to maintain insurance for the properties and failure to cooperate in the sale of the properties. Therefore, Movant requests this Court issue an order under Section 105 of the Bankruptcy Code and FED. R. BANKR. P. 9014 and 9019 declaring that: (1) one or more Term Sheet Failures have occurred; (2) Lender's claim against each of the Vesey Debtors is reinstated

---

[1] For purposes of this Court Order, the Court need not recite the specific terms of the Settlement Term Sheet in detail or recite the Parties' arguments in full, as the Parties may refer to ECF Nos. 87, 342, 358 and 363 for full terms and related information.

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to such terms in the moving papers.

to, and allowed as, the Filed Claim Amount; and (3) Mr. Terzi shall not be released from his personal guaranties for the benefit of Lender upon the sale of the Vesey Debtors' properties.

In response, on April 30, 2026, the Vesey Debtors filed an objection to Movant's Motion (the "Objection") [ECF No. 358]. In their Objection to the Motion, the Vesey Debtors argue that the Motion and the Lender's arguments fail as a matter of contract law and equity. Specifically, the Vesey Debtors assert that the Lender sat on every alleged breach for nearly twenty (20) months, despite already obtaining relief through the appointment of the Chapter 11 Trustee and now, is attempting to improperly revive personal liability against Mr. Terzi to recover for its financial shortfall. The Vesey Debtors maintain that the alleged breaches have been cured, were caused by third parties, or were never violations under the Settlement Term Sheet.

In sum, the Vesey Debtors contend that: (1) the Doctrines of Waiver and Laches bar the relief sought by Lender as it sat on its rights for nearly twenty (20) months; (2) the Lender fails to establish any material breaches; (3) current issues with the sale were not caused by the Vesey Debtors or Mr. Terzi; (4) the Lender comes to this Court with unclean hands; (5) while the Lender agreed to cap its recovery at $24.1 million, the sale—with a stalking horse bid of only $13 million—is unlikely to close at that amount, and now the Lender seeks to punish Mr. Terzi for its bad credit bid; and (6) granting the Motion would be inconsistent with the spirit of the settlement.

On May 6, Movant submitted a reply in response to the Vesey Debtors' Objection (the "Reply") [ECF No. 363] further reiterating its position.

The Court has considered fully the Parties' pleadings and the arguments set forth on the record during the hearing on May 14, 2026 (the "Hearing")[3]. Incorporating same, the Court has determined that cause exists for granting the relief set forth in the Lender's Motion. Specifically, the Court finds that a breach of the Settlement Term Sheet occurred for (i) failure to escrow the real estate taxes and (ii) failure to pay administrative costs and mediation charges. The Settlement Term Sheet required Mr. Terzi to escrow or otherwise deposit $65,000 toward municipal and real estate taxes due by July 31, 2024. The Court finds that no escrow payment was made and that Mr. Terzi's assertion that funds were "designated"[4] is unsupported. The Court instead agrees that the Vesey Debtors have failed to identify for either the Court or the Lender the location of funds

---

[3] *See generally* Hearing Tr. for the May 14, 2026 hearing (reflecting oral argument) [ECF No. 373].
[4] *See* Vesey Debtors' Objection, ¶ 50.

2

allegedly held on deposit and available for payment of real estate taxes[5]. In addition, the Court finds that the Settlement Term Sheet required the Vesey Debtors and Mr. Terzi to pay the administrative expenses and mediation fees from sources other than the Lender's collateral. The Vesey Debtors conceded that neither they nor Mr. Terzi paid these obligations[6]. Accordingly, the Court finds that one or more Term Sheet Failures has occurred.

Based on the foregoing, it is hereby

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that one or more Term Sheet Failures have occurred; and it is further

**ORDERED** that the Lender's claim against each of the Vesey Debtors is reinstated to, and allowed as, the Filed Claim Amount, subject to the terms of any plan of reorganization confirmed in this Case; and it is further

**ORDERED** that Mr. Terzi shall not be released from his personal guaranties for the benefit of Lender upon the sale of any of the Vesey Debtors' properties; and it is further

**ORDERED** that this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

---

[5] *See* Lender's Reply, Section D, ¶¶ 29-30.
[6] *See* Vesey Debtors' Objection, ¶¶ 55-56; *see also* Lender's Motion, Section E, ¶¶ 31-36.